## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

MOUNT VERNON FIRE INSURANCE COMPANY,
a Pennsylvania corporation

    Plaintiff,

v.

JD'S COUNTRY PAWN, LLC, a dissolved Colorado limited liability company
JEFFREY PETTY,
KATHLEEN PETTY,

    Defendants.

---

### COMPLAINT FOR DECLARATORY JUDGMENT

---

Plaintiff, Mount Vernon Fire Insurance Company ("Mount Vernon"), by and through its counsel and pursuant to the Declaratory Judgment Act, as codified, 28 U.S.C. § 2201 *et seq.,* and F.R.C.P. 57, submits its Complaint for Declaratory Judgment as follows:

### I.     The Parties

1.    Mount Vernon is a Pennsylvania corporation with its principal place of business located at 1190 Devon Park Drive, Wayne, Pennsylvania 19087.

2.    Defendant, Jeffrey Petty, is a resident of the State of Colorado.

3.    Defendant, Kathleen Petty, is a resident of State of Colorado.

4.    Defendant, JD's Country Pawn, LLC ("JD's"), is a limited liability company organized under the laws of the State of Colorado. On information and belief, JD's was

voluntarily dissolved on May 15, 2017. Jerold K. Dieter is the sole member of JD's and he resides in Colorado.

## II.     Jurisdiction and Venue

5.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Mount Vernon and all Defendants are citizens of different states and the amount in controversy exceeds $75,000.   As alleged above, JD's was a limited liability company, which was organized by one member, Jerold K. Dieter. Mr. Dieter is a resident or citizen of the State of Colorado.

6.      The Court also has jurisdiction of this matter under 28 U.S.C. § 2201(a) and 2202 because Mount Vernon seeks a declaration concerning an actual controversy within this Court's jurisdiction.

7.      Venue is proper in this District because the events giving rise to this action occurred in this District.

## III.     General Allegations

8.      On April 1, 2015, Plaintiffs, Jeffrey Petty and Kathleen Petty ("Petty"), initiated a civil action (the "Underlying Action") arising from the intentional and unlawful removal and taking of Plaintiff's personal property, which occurred on or about May 31, 2014.

9.      Petty alleged JD's intentional and unlawfully sold their personal property when it knew the property had not been abandoned. The Complaint in the Underlying Action alleged three claims against JD's:  (1) civil conspiracy; (2) theft and theft by receiving; and (3) punitive damages.

10.     Mount Vernon was not a party to the Underlying Action.

2

11. On March 30, 2015, Petty served JD's with the Complaint and Summons through Steven D. Glenn, a Process Server.

12. On April 6, 2015, JD's filed a Reply to the Clerk of the Courts in response to the Complaint.

13. On January 21, 2016, JD's filed an Amended Answer to the Complaint.

14. JD's did not notify Mount Vernon of the Complaint or the allegations against it by Plaintiffs prior to the verdict or judgment in the Underlying Action.

15. On February 6, 2017, the Underlying Action proceeded to trial against JD's and others. JD's presented evidence on its behalf. The jury found in favor of the Petty and awarded damages against JD's.

16. On January 10, 2018, the District Court entered judgment against JD's in the amount of $190,967.61, including prejudgment interest.

17. By letter dated October 30, 2018 from Petty, Mount Vernon learned of the January 10, 2018 judgment against JD's in the Underlying Action.

18. On or about November 15, 2018, Plaintiffs issued a Writ of Garnishment against Mount Vernon. On November 19, 2018, Plaintiffs served the Writ of Garnishment on Mount Vernon via the Colorado Insurance Commissioner.

19. On or about December 3, 2018, Mount Vernon filed an Answer to Writ of Garnishment.

20. On December 3, 2018, Mount Vernon removed the Writ of Garnishment to the United States District Court for the District of Colorado.

## IV.    Cause of Action: Declaratory Judgment – No Duty to Defend or Indemnify

21.    Mount Vernon re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 20 above as if fully set forth herein.

22.    Mount Vernon issued Policy No. CP 2590340 to JD's, effective May 13, 2014 to August 10, 2014 (the "Policy").

**Count One:    Breach of Notice Condition**

23.    The Policy includes the following notice provision:

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
  **(1)** How, when and where the "occurrence" or offense took place;
  **(2)** The names and addresses of any injured persons and witnesses; and
  **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:
  **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
  **(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:
  **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
  **(2)** Authorize us to obtain records and other information;
  **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
  **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

24. Pursuant to these provisions, JD's had a duty to cooperate with Mount Vernon and notify Mount Vernon of any claim or "suit" against it.

25. Petty served JD's on March 30, 2015. Mount Vernon did not learn of the Underlying Action until it received Petty's October 30, 2018 letter – after judgment had been entered against JD's.

26. JD's breached the Policy by failing to give Mount Vernon notice of Petty's claims and/or the Underlying Action, and JD's breach of the notice condition of the Policy prejudiced Mount Vernon as a matter of law. Thus, Mount Vernon has no duty to indemnify JD's for the judgment entered against it in the Underlying Action.

**Count Two: No "Property Damage" Caused by an "Occurrence" During the Policy**

27. The Policy includes Coverage A Bodily Injury and Property Damage Liability, which states, in pertinent part, as follows:

**SECTION I-COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1. Insuring Agreement**

        **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking those damages for "bodily injury" or "property damage" to which this insurance does not apply. . .

        **b.** This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

      **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**SECTION V – DEFINITIONS:**

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**17**. "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it.

    **b.** Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

28. The Policy extends coverage for damages because of "bodily injury" or "property damage" caused by an "occurrence" during the policy period.

29. The term "occurrence" is defined as an accident.

30. The Complaint in the Underlying Action specifically alleged JD's intentionally and knowingly obtained, received, kept and sold Petty's property.

31.     The Complaint in the Underlying Action also alleged the harm to Petty caused by JD's was attended by circumstances of fraud, malice, or willful and wanton conduct.

32.     The Complaint in the Underlying Action did not allege "property damage" caused an "occurrence" during the policy period as contemplated by the Policy.

33.     The Policy does not extend coverage for the claims in the Underlying Action.

34.     Mount Vernon is entitled to a declaration it has no obligation to indemnify JD's for the judgment entered against it in the Underlying Action.

**Count Three:  Exclusion a., Expected or Intended Injury**

35.     The Policy includes Exclusion a.  Expected Or Intended Injury, which states:

**a. Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

36.     The Complaint in the Underlying Action alleged JD's intentionally knowingly received, obtained, kept, and sold Petty's property when it knew the property had not been abandoned.

37.     Petty alleged they asked JD's to stop selling their property and JD's refused.

38.     The Complaint in the Underlying Action also alleged that the harm to Petty caused by JD's was attended by circumstances of fraud, malice, or willful and wanton conduct.

39.     The Policy excludes coverage for the claims in the Underlying Action pursuant to Exclusion a., Expected or Intended Injury.

40. Pursuant to Exclusion a., Mount Vernon is entitled to a declaration it has no obligation to indemnify JD's for the judgment entered against it in the Underlying Action.

**Count Four:  Exclusion j(4), Damage to Property**

41. The Policy includes Exclusion j(4) Damage to Property, which states:

**j. Damage To Property**
"Property damage" to:
…
 **(4)** Personal property in the care, custody or control of the insured;
…

42. The Complaint in the Underlying Action alleged the property in question was held in the care, custody or control of JD's for sale, which caused Petty damages.

43. The Policy excludes coverage for the claims in the Underlying Action pursuant to Exclusion j(4), Damage to Property.

44. Pursuant to Exclusion j(4), Mount Vernon is entitled to a declaration it has no obligation to indemnify JD's for the judgment entered against it in the Underlying Action.

**Count Five:  Punitive and Exemplary Damages**

45. The Policy includes an exclusion, which precludes coverage for any punitive or exemplary damages against an insured.

46. The Complaint in the Underlying Action alleged a claim for punitive and exemplary damages.

47. The Policy excludes coverage for any fees, costs, interest or damages of any type attributed to punitive or exemplary damages.

48. Pursuant to the punitive and exemplary damages exclusion, Mount Vernon is entitled to a declaration has no duty to indemnify JD's for any damages attributed to punitive or exemplary damages.

## V. Prayer for Relief – All Counts

49. Mount Vernon re-alleges and incorporates by reference the allegations of Paragraphs 1 – 48.

50. This is a dispute that is appropriate and ripe for adjudication via declaratory judgment pursuant to 28 U.S.C. § 2201.  Petty seeks recovery of the judgment entered against JD's in the Underlying Action from Mount Vernon, and Mount Vernon disputes it has a duty to defend and/or indemnify JD's in the Underlying Action.  Thus, Mount Vernon has a legal and/or equitable interest in a declaration that it has no obligation to satisfy the judgment entered against JD's, and this dispute represents a substantial controversy between the parties with adverse interests.

WHEREFORE, Mount Vernon respectfully requests this Court enter judgment in its favor and against Defendants as follows:

(1) Determine the rights, status or other legal relations of the parties under the above law and facts,

(2) Determine and declare Mount Vernon has no obligation to satisfy the judgment against JD's in the Underlying Action; and

(3) Award Mount Vernon all costs and interest allowed by law.

Respectfully submitted this 3rd day of December, 2018.

        /s/ Jane E. Young
Jane E. Young
Monica L. C. Lester
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 South Quebec Street, Suite C100
P.O. Box 4467
Englewood, CO  80155-4467
Telephone:     (303) 293-8800
Facsimile:      (303) 839-0036
E-Mail:          jyoung@mdmc-law.com
                 mlclester@mdmc-law.com
*Attorneys for Mount Vernon Fire Insurance Company*

Plaintiff's Address
1190 Devon Park Drive
Wayne, Pennsylvania 19087